**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrick L. McCreary,<br><br>　　　　Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>　　　　Respondent/Plainitff. | No. CV-16-04585-PHX-SRB<br>CR-04-00313-3-SRB<br>**ORDER** |

  Movant/Defendant Derrick L. McCreary ("Defendant") brought this Motion to Vacate, Set Aside, or Correct Sentence (Doc. 3) pursuant to 28 U.S.C. § 2255. The matter was referred to Magistrate Judge Michelle H. Burns for a Report and Recommendation (Doc. 6) on February 22, 2017. On August 17, 2018, Judge Burns issued a Report and Recommendation ("R. & R.") (Doc. 16), recommending that the current stay be lifted and that Defendant's motion be denied and dismissed with prejudice. She further recommended that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied because Defendant has not made a substantial showing of the denial of a constitutional right. Defendant timely filed his objection. (*See* Doc. 17, Obj. to R. & R. ("Obj.").) Having reviewed the matter de novo, the Court now adopts the Report and Recommendation and denies and dismisses Defendant's § 2255 motion with prejudice.

  The Ninth Circuit transferred this matter to this Court following Defendant's successful application to file a second or successive § 2255 motion. (R. & R. at 1.) Following a jury trial, Defendant was convicted of conspiracy, armed bank robbery, and

brandishing a firearm during the commission of a crime of violence. (*Id.* (citing 18 U.S.C. §§ 371, 2113(a), (d), 924(c)(1)(A)(ii)).) He was then sentenced to 600 months' imprisonment. (*Id.*) After his conviction was affirmed on appeal, Defendant filed several § 2255 motions, all of which were denied. (*Id.* at 1–2.)

This motion challenges the validity of Defendant's firearm convictions. He argues that the Supreme Court's decision in *Johnson v. United States*,[1] which found the residual clause of § 924(e) unconstitutionally vague, necessarily extends to the similarly worded residual clause of § 924(c)—namely, its definition of "crime of violence." (*Id.* at 2.)

On March 20, 2017, Judge Burns entered a stay "pending [the] Ninth Circuit's decision in *United States v. Begay*, No. 14-10080, and the Supreme Court's decision in *Lynch v. Dimaya*, No. 15-1498 (cert. granted Sept. 29, 2016)." (Doc. 11, Mar. 20, 2017 Order.) Following the Supreme Court's decision in *Dimaya*,[2] the Government moved to lift the stay because a recent Ninth Circuit decision deeming armed bank robbery a crime of violence under § 924(c) made it unnecessary to wait for a decision in *Begay*. (R. & R. at 2 (citing *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018)).) Judge Burns agreed, rejecting Defendant's argument that the stay should remain in place pending an anticipated appeal to the Supreme Court. (*Id.* at 3.) She in turn recommended that the stay be lifted and the § 2255 motion be denied and dismissed with prejudice, and Defendant timely objected. But that objection is now moot.

A federal prisoner is entitled to relief from his sentence if it was "imposed in violation of the United States Constitution or the laws of the United States, . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court need only review those portions objected to by a party, meaning it can adopt all other portions without further review. *See United States v. Reyna–Tapia*,

---

[1] 135 S. Ct. 2551 (2015).
[2] *See Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The crux of Defendant's objection is that the stay should remain in place until appellate remedies in *Watson* are fully exhausted. (Obj. at 4–5.) And it has. The Supreme Court denied certiorari on October 1, thus leaving the Court bound by the Ninth Circuit's earlier holding. *See Watson v. United States*, __ S. Ct. __, 2018 WL 3223705, at *1 (U.S. Oct. 1, 2018). Defendant offers no other reason to maintain the stay. The Court accordingly overrules Defendant's objection and adopts the Report and Recommendation that § 2255 relief be denied.

**IT IS ORDERED** overruling Defendant's Objection to the Magistrate Judge's Report and Recommendation (Doc. 17).

**IT IS FURTHER ORDERED** adopting the Report and Recommendation (Doc. 16).

**IT IS FURTHER ORDERED** granting the Government's Motion to Vacate Stay (Doc. 14).

**IT IS FURTHER ORDERED** denying the Motion to Vacate, Set Aside or Correct Sentence (Doc. 3).

**IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal because Movant has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

Dated this 15th day of October, 2018.

_____
Susan R. Bolton
United States District Judge